# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 2004002455 |
| | ) | |
| JOSHUA MCGRIFF, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This 30th day of November, 2023, the Court enters the following Order:

1.      Defendant was convicted by a jury of Attempted Robbery 2nd degree and Conspiracy 2nd degree. Upon conviction, he was sentenced and his appeal to the Delaware Supreme Court was ultimately denied. He thereupon filed a petition under Rule 61, *pro se*, alleging a smorgasbord of errors by his trial counsel.[1] The Court has received an affidavit from trial counsel[2] and is satisfied that his Rule 61 complaint should be dismissed without further ado.

2.      Defendant was convicted after trial before Judge Carpenter, who has since retired. The Delaware Supreme Court, in affirming the conviction, recited the evidence at trial, so the curious reader might consult that opinion for a more fulsome

---

[1]  Def.'s Mot. for Postconviction Relief.
[2]  Johnson Aff.

1

review of the evidence.[3]  In summary, a driver began using a drive up ATM when McGriff and another individual came up to the car and began punching the driver in the chest.[4]  The driver, equipped with a can of bear mace, dissuaded them.[5]  The driver called police when the would-be robbers ran away.[6]  Police responded and saw the defendant in the vicinity.[7]  Unsure if this was the perpetrator, they took his photo and I.D. card and let him go.[8]  When the ATM surveillance footage was reviewed later, police put together an "attempt to identify" flyer, which yielded them a copy of the photo and ID card.[9]  When police showed McGriff the photos, he said "showing me this is pretty much like showing me that you got me" and "so I can't really say that oh, it's not me.  Nah, man, it's me, but I don't recall."[10]  He was convicted at trial.

3.     On appeal, McGriff's counsel filed a motion to withdraw under Supreme Court Rule 26(c), finding no good faith basis to press any issue in the record.[11]  McGriff, for his part, asked the Court to review claims of 1) his right to a

---

[3] *McGriff v. State*, 2023 WL 469122, at *1-2 (Del. Jan. 27, 2023).
[4] Trial Tr., 34-35, Jul. 20, 2021.
[5] Trial Tr., 35-36, Jul. 20, 2021.
[6] Trial Tr., 37-38, Jul. 20, 2021.
[7] Trial Tr., 62; 66-67, Jul. 20, 2021.
[8] Trial Tr., 68-69; 72-73, Jul. 20, 2021.
[9] Trial Tr., 90-93, Jul. 20, 2021.
[10] *McGriff,* 2023 WL 469122, at *2.
[11] *Id*. at *2.

speedy trial, 2) the alleged withholding of *Brady* material, 3) a suggestive identification and 4), insufficiency of the evidence and 5) ineffective assistance of counsel.

4.     Citing the COVID pandemic, the Court rejected his speedy trial claim. The Court found no "plain error" in his *Brady* allegations, which included no specific claim of withheld exculpatory or impeaching evidence. Neither did it find any plain error in an alleged suggestive identification or the sufficiency of the evidence. Finally, in accord with its long-standing practice, the Court refused to consider claims of ineffective assistance of counsel on direct appeal.[12]

5.     Within weeks of the Supreme Court's affirmance of the conviction, McGriff filed the instant petition under Rule 61.[13] This *pro se* pleading is hardly a work of art. But it does raise a host of issues concerning trial counsel's handling of his case. There are failures to "pursue leads," failure to object to evidence, failure to move to suppress, failure to move for acquittal, to name just a few.[14] In addition,

---

[12] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[13] Commensurate with his filing the instant Rule 61 petition, Mr. McGriff filed a motion for appointment of counsel. Because Judge Carpenter had retired by the time the request was filed, the request passed to President Judge Jurden, who denied the request for counsel by Order dated, March 15, 2023, finding petitioner's pleading insufficient to warrant the appointment of counsel under Rule 61(e)(4). President Judge Jurden subsequently reassigned the Rule 61 petition to this Judge for disposition of the underlying claims.

[14] Def.'s Mot. for Postconviction Relief, p. 2.

3

he claims that the State was guilty of prosecutorial misconduct because it withheld the "attempt to identify" flier until trial.[15] Finally, he repeats his rejected claim of violation of his right to a speedy trial.

6. Because McGriff adds nothing new to his speedy trial claim that was not already litigated in his direct appeal, the Court views the matter as *res judicata* and it will not be further addressed here.

7. There is no record reflecting exactly when the "attempt to identify" flyer was shared with defense counsel, but counsel's affidavit declares that she reviewed the State's evidence pretrial[16] and there is no reason to doubt that she did. Moreover, the Court notes that trial counsel usually shows opposing counsel exhibits they intend to introduce, at least before the break immediately preceding the introduction of the evidence. If that happened here, it is of no moment. Even with a late disclosure, there was no basis to preclude its introduction, it was not prosecutorial misconduct or objectionable.

8. This leaves us with the laundry list of allegations of ineffective assistance of counsel. Most of these are complaints that Defendant's trial counsel should have objected or should have done more. But nowhere in any of these

---

[15] *Id.* at p. 2.
[16] Johnson Aff. ¶ 7.

pleadings is any hint that doing so would have yielded a different result. The Defendant confessed to the crime. It is not as if defense counsel can ride into the fracas, waive her hands and make the evidence go away.

9. In an effort to determine if there was any "there" there, the Court solicited the affidavit of Defendant's trial counsel. Trial counsel assiduously broke down each of Defendant's rambling complaints and responded to them.[17]

10. For example, to the claim that defense counsel "failed to obtain legally relevant facts from the Defendant," trial counsel advises that she had "more than 13 communications with Mr. McGriff as well as other public defender staff including a PFE" (psycho forensic evaluation).[18] She asked him for the names and addresses of any witnesses, the Defendant provided nothing.[19] Moreover, McGriff told counsel he was properly Mirandized, spoke freely with the officers and admitted it was him in the security footage.[20]

11. As to the claim that counsel did no pretrial investigation, counsel swears that she,

> went to the scene of the incident to see the location where Mr. McGriff was stopped and a photograph was taken of him the night of the incident. I reviewed the distance between the scene of the incident and

---

[17] Johnson Aff.
[18] *Id.* ¶ 1.
[19] *Id.*
[20] *Id.*

where Mr. McGriff was stopped and photographed, the time of Mr. McGriff's stop and photo and the closeness of time to the incident. It was clear that the timing in this analysis would have easily placed Mr. McGriff at the scene of the incident during the time of the incident.[21]

12. Clearly, Defendant is mistaken that counsel did no pretrial investigation. Rather, defense counsel, having done so, wisely chose not to point it out in the state's evidence, which was already quite strong.

13. There are at least a dozen more of these claims, each one answered by trial counsel's affidavit.[22] The Court has reviewed each of Defendant's claims and finds that none of them "undermine confidence in the outcome" of the trial, the *sine qua non* of finding constitutional ineffective assistance of counsel, mandating a new trial.[23]

14. To succeed on these claims of ineffective assistance of trial counsel, the pleadings must demonstrate two things: first that trial counsel's performance fell below an objective standard of reasonableness.[24] In connection with this showing, it is wise to remember that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a

---

[21] *Id.* ¶ 4.
[22] Johnson Aff.
[23] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[24] *Id.* at 687-88.

court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."[25]

15.     In addition to showing that counsel's conduct was objectively unreasonable, the pleader must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] The petitioner does not even attempt to meet this important element, rendering his petition fatally deficient.

16.     The fact that the Defendant has had the time to reflect on the trial and consider what might have been does not mean he had a constitutionally deficient counsel or a fundamentally unfair trial.   Trial counsel has adequately responded to Petitioner's complaints alleged in his Rule 61 motion and the Court is convinced that nothing he has pled suggests the outcome of his trial is in doubt.  His petition under Rule 61 is therefore subject to summary dismissal.

For the reasons stated above, Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

[25] *Id.* at 689.
[26] *Id.* at 694.

cc:    Prothonotary
       William L. Raisis, Deputy Attorney General
       Kevin J. O'Connell, Esquire
       Joshua McGriff (SBI 00614682)